UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. |
| | ) | 0:21-00022-DLB-MAS |
| v. | ) | and |
| | ) | Civil Action No. |
| JAMAAL A. STOKES, | ) | 0:23-cv-00054-DLB-MAS |
| | ) | |
| Defendant/Movant. | ) | ORDER |
| | ) | |

**REPORT AND RECOMMENDATION**

Defendant/Movant Jamaal A. Stokes ("Stokes") has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 35]. The matter was referred to the undersigned for a report and recommendation. [DE 36].

Under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must conduct a "preliminary review" of the motion. The Court began its preliminary review and determined that Stokes did not sign the motion under penalty of perjury and did not sufficiently state the facts supporting each ground for relief as required by Rule 2(b)(5) and 2(B)(2), respectively. [*See* DE 37]. Despite the Court providing Stokes with a lengthy opportunity to remedy these deficiencies, [*see id.*], Stokes has not filed anything further. The matter is now ripe, and the Court has completed its preliminary review. Because it "plainly appears from the motion . . . and the record of prior proceedings that [Stokes] is not entitled to relief[,]" the Court recommends summarily dismissing the motion. Rule 4(b).

## I.    BACKGROUND

On November 21, 2021, the federal grand jury charged Stokes with possessing with intent to distribute 500 grams or more of substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). [DE 12 (Indictment)]. On December 20, 2021, Stokes pleaded guilty to the charge pursuant to a plea agreement. [DE 26 (Rearraignment Minute Entry); DE 28 (Plea Agreement)]. Judge Bunning sentenced Stokes on April 11, 2022, to 108 months of imprisonment and five years of supervised release. [DE 31 (Sentencing Minute Entry); DE 33 (Judgment)]. Stokes did not appeal.

The Clerk of Court received and filed Stokes's § 2255 motion on April 27, 2023.[1] Stokes did not sign his motion, and he asserted only two claims as grounds for relief. First, Stokes asserts his counsel was unconstitutionally ineffective for failing to "realize and argue that the sentencing Guidelines' Drug Quantity Table weighs 'Methamphetamine (actual)' ten times more heavily than 'Methamphetamine' for purpose of calculating a defendant's base offense level under 2D.1." [*Id*. at Page ID# 97]. Second, Stokes asserts his counsel was unconstitutionally ineffective because he "should have been able to anticipate[] arguments foreshadowed but not yet adopted by existing case law." [*Id*. at Page ID# 98]. Stokes included no additional facts or arguments supporting his two claims.

On May 8, 2023, the Court noted the perceived deficiencies—the motion's failure to state the facts supporting each ground for relief and to be signed under penalty of perjury by Stokes or a person authorized to sign it for him and state the facts supporting each ground for relief—and

---

[1] Stokes neither signed nor dated his § 2255 motion. The motion was also not postmarked.

ordered Stokes to file any corrected motion on or before May 29, 2023. [DE 37]. Stokes has not filed a corrected motion or anything else in this matter.[2]

## II. ANALYSIS

Rule 4 of the Rules Governing Section 2255 Proceedings directs the Court to conduct a preliminary review of § 2255 motions. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b).

At the preliminary review stage, "summary dismissal is appropriate for 'wholly conclusory or frivolous' claims or 'vague and conclusory allegations.'" *United States v. Andrade-Guerrero*, No. 2:15-CR-18-ART-REW-1, No. 2:17-CV-04-ART-REW, 2017 WL 1367183 (E.D. Ky. Mar. 17, 2017) (citations omitted) (quoting *Sappington v. United States*, 76 F.3d 379, 1996 WL 28819, at *1 (6th Cir. Jan. 24, 1996) (table); *United States v. Mercer*, 289 F. App'x 481, 482 (3d Cir. 2008)), *recommend disposition adopted*, 2017 WL 1391411 (E.D. Ky. Apr. 11, 2017). That is, while a motion containing a factual basis that shows "'a real possibility of constitutional error' should not be dismissed on initial review[,]" a motion that includes only "summary theories and generalized claims do[es] not survive screening." *Andrae-Guerrero*, 2017 WL 1367183, at *2 (quoting *Doss v. United States*, 877 F.2d 580, 1992 WL 289587, at *1 (6th Cir. Oct. 14, 1992) (table)).

First, the Court recommends dismissal of Stokes's motion because it fails to adequately articulate the facts supporting his two claims for relief. Stokes alleges that his trial counsel was ineffective for failing to "realize and argue that the sentencing Guidelines' Drug Quantity Table weighs 'Methamphetamine (actual)' ten times more heavily than 'Methamphetamine' for purpose

---

[2] The docket does not indicate that the mailing of the Court's May 8, 2023, Order [DE 37] was returned undeliverable, and almost four weeks have passed since the correction deadline.

of calculating a defendant's base offense level under 2D.1[,]" (Claim 1) and because he "should have been able to anticipate[] arguments foreshadowed but not yet adopted by existing case law" (Claim 2). [DE 35 at Page ID# 97–98]. Stokes included no further facts or explanations to illustrate his claims. And he did not, despite this Court's order noting the factual deficiency of his § 2255 motion, supplement his motion with specific facts, analysis, or reasoning in a subsequent filing. As it stands, Stokes's claims are too vague, conclusory, and lacking in substantive factual detail to entitle him to § 2255 relief. While the Court recognizes that Stokes is a *pro se* litigant, the Court "should not have to guess at the nature of the claim[s] asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Dismissal on this basis alone is appropriate. *See Ryals v. United States*, Nos. 1:05-CV-238, 1:03-CR-176, 2009 WL 595984, at *5 (E.D. Tenn. Mar. 6, 2009) ("The burden is on Ryals to articulate and plead sufficient facts to state a claim under § 2255. . . . Because Ryals' § 2255 motion merely asserts vague, general conclusions without sufficient substantiating allegations of fact, the motion fails to state a viable claim and is without merit."). Moreover, the lack of a sufficient factual basis to support either claim renders Stokes's motion deficient under § 2255 Rule 2(b)(2), which requires the movant to "state the facts supporting each ground [for relief]." *See Andrae-Guerrero*, 2017 WL 1367183, at *3 (noting the mandatory nature of Rule 2 and recommending dismissal for failure to include sufficient facts supporting each claim in violation of Rule 2(b)(2)).

Second, the Court independently recommends dismissal because Stokes failed to sign his motion under penalty of perjury. Rule 2(b)(5) provides that a § 2255 motion must "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Stokes's motion is not signed. The Court both provided an opportunity to correct this deficiency and warned Stokes that the failure to do so would "result in a recommendation that [his] § 2255

motion be dismissed." [DE 37, Page ID# 109]. Despite such a warning, Stokes has not supplemented his motion or responded to the Court's order in any way. While the Court recognizes the harshness of dismissing Stokes's petition for failure to comply with a technical rule, compliance with Rule 2(b)(5) is required to obtain § 2255 relief. *See United States v. Smith*, No. 5:15-CR-48-KKC-REW, No. 5:17-CV-388-KKC-REW, 2017 WL 10152450, at *4 (E.D. Ky. 2017) (recommending summary dismissal for failure to comply with 2(b)(5) because "unverified allegations are insufficient to invoke the process of collateral attack on a final federal criminal conviction" and "unverified allegations are all that [the movant] presents via the unsworn § 2255 motion" (citing *Kafo v. United States*, 467 F.3d 1063, 1065 (7th Cir. 2006) (citation omitted)), *recommended disposition adopted*, 2018 WL 4026753 (E.D. Ky. Aug. 23, 2018); *see also Young v. United States,* Nos. 4:06-CR-14, 4:10-cv-72, 2013 WL 4679931 (E.D. Tn. Aug. 20, 2013) ("These unsworn declarations and allegations in Young's reply brief are not signed by him under penalty of perjury pursuant to 28 U.S.C. § 1746 as required by Rule 2(b)(5) . . . [f]or this reason alone, the claim must be dismissed").

Third, the Court independently recommends dismissal of Stokes's § 2255 for his failure to comply with this Court's order directing him to file a corrected motion remedying the defects described above. [DE 37]. The Court explicitly warned Stokes that the failure to comply with the Court's order would "result in a recommendation that [his] § 2255 motion be dismissed." [*Id*. at Page ID# 109]. Stokes failed to comply with the Court's order or file anything further despite the Court allowing an additional four weeks after the supplement deadline to pass. As such, dismissal for failure to comply with this Court's order is appropriate. *See Gardner v. United States*, 178 F.3d 1294, 1999 WL 232693, at *2 (6th Cir. Apr. 15, 1999) (table)) (affirming district court's dismissal of a § 2255 for failure to comply with the district court's order directing the movant to

amend his motion where the district court put the movant on notice that the failure to comply with the order would result in dismissal); *see also Andrae-Guerrero*, 2017 WL 1367183, at *2 (recommending § 2255 motion be dismissed for failure to comply with the court's order to supplement the motion with additional facts). Accordingly, the Court recommends dismissal of Stokes's § 2255 motion.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473,484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Stokes has not made a "substantial showing" as to any claimed denial of rights. Moreover, reasonable jurists would not find the Court's determination debatable, given Stokes's procedural deficiencies and blatant failure to correct those deficiencies despite ample opportunity to do so. Accordingly, the Court also recommends that the District Court deny a certificate of appealability.

## IV. CONCLUSION

For the reasons here discussed, the Court **RECOMMENDS** as follows:

1. The District Court **SUMMARILY DISMISS** Stokes's pending § 2255 motion [DE 35]; and

2. The District Court **DENY** a certificate of appealability as to all issues, should movant request a certificate of appealability; and

3. The Clerk **SHALL** serve a copy of this Report and Recommendation on Stokes.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appellate rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b)(1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, **within fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, *de novo*, by the District Court.

Entered this 30th day of June, 2023.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY